IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

ARTHUR TRIPLETT,

    Plaintiff,

vs.

CHARLES PALMER, JASON SMITH,
MARY BENSON, and DR. VEIT,

    Defendants.

No. 12-CV-4063-DEO

INITIAL REVIEW ORDER

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Arthur Triplett's [hereinafter Mr. Triplett] Motion for Leave to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and 42 U.S.C. Section 1983 Complaint. Mr. Triplett is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited December 22, 2012.

meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. *Id*. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited December 22, 2012.

considerate treatment than criminals whose conditions of confinement are designed to punish;" and *Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied Michau v. Charleston County*, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also *Kansas v. Hendricks*, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

*Id*. At 727-28. (Some internal citations omitted).

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the following statements: (1) statement of the nature of the

---

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

3

action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Mr. Triplett's applications substantially meet the above requirements. **Mr. Triplett's Motion to Proceed in Forma Pauperis is granted. The Clerk of Court shall file Plaintiff's Complaint forthwith. No filing fee will be assessed**.

However, once any portion of a filing fee is waived, a court must dismiss the case if a the Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." *Hughes v. Rowe*, 449

U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – that the pleader is entitled to relief." *Id*. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or

5

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE AND ANALYSIS**

Mr. Triplett is alleging a violation of his civil rights under 42 U.S.C. § 1983. Mr. Triplett argues that the Defendants, the administrators and medical professionals at CCUSO, have violated his rights while acting under the color of government authority. Specifically, Mr. Triplett alleges that the Defendants ignored his medical complaints for over a year. Mr. Triplett alleges that he had difficulty speaking, but was mis-diagnosed by CCUSO as having acid reflux disease. After a year of ineffective treatment, CCUSO finally allowed Mr. Triplett to be examined by outside medical professionals, who diagnosed Mr. Triplett with throat cancer. Mr. Triplett alleges he was damaged by the Defendants' failure to seriously investigate and treat his medical issue.

The Court notes that, "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose

6

conditions of confinement are designed to punish." *Youngberg*, 457 U.S. at 321-22. There has been some debate regarding the appropriate standard in this type of case. In the context of inmate medical-care claims, Courts have stated that:

> [t]he Eighth Amendment's prohibition against cruel and unusual punishment, which embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," prohibits punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). It thus requires that the government provide "medical care for those whom it is punishing by incarceration." *Id*. at 103. The Eighth Amendment safeguards the prisoner against a lack of medical care that "may result in pain and suffering which no one suggests would serve any penological purpose." *Id*. Accordingly, "deliberate indifference to serious medical needs" of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. *Id*. at 104.

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (parallel citations omitted). Recently, Courts have begun applying the deliberate indifference standard to civilly committed individuals. See *Senty-Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006) which applied the deliberate indifference standard to a medical-care claim raised by a patient involuntarily committed as a sexually violent predator

under the 14th Amendment. However, this Court is not persuaded that deliberate indifference is necessarily the appropriate standard in all civil detainee cases. The Court believes that in some, if not most, circumstances *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982) provides the applicable standard regarding the treatment of civilly detained patients.

The *Youngberg* Court recognized that, though the Eighth Amendment is inapplicable, involuntarily committed persons have substantive rights arising under the Fourteenth Amendment. 457 U.S. at 315. Though "a State is under no constitutional duty to provide substantive services for those within its border . . . [w]hen a person is institutionalized," the State "has a duty to provide certain services and care . . . ." *Id*. at 317. Among the most basic substantive liberty interests to which involuntarily committed persons are entitled are right*s "to adequate food, shelter, clothing, and medical" care. Id*. At 315. Thus, under *Youngberg*, the standard for civil detainees is whether they were provided adequate medical care.

Clearly, the deliberate indifference standard is the stricter test, far more deferential to the Government regarding detainees' medical care. As will be discussed

8

below, the Court finds that Mr. Triplett's claim should be allowed to proceed past initial review even under the stricter, deliberate indifference standard. Accordingly, the Court will not consider, initially, Mr. Triplett's claim under the *Youngberg* standard. This decision does not forestall the Court's ability to apply the *Youngberg* standard at a later point in the proceeding.

Under the deliberate indifference standard, Mr. Triplett must show the Defendants were deliberately indifferent to a serious illness or injury. *Senty-Haugen*, 462 F.3d at 889. A successful deliberate indifference claim is comprised of both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, Mr. Triplett must demonstrate that, objectively, the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). In the medical care context, this objective element is satisfied when a plaintiff demonstrates that his medical need itself was sufficiently serious. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Second, Mr. Triplett must establish that the defendants acted with a "'sufficiently culpable state

of mind'" to support liability under § 1983. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Although negligence or inadvertence will not support a deliberate indifference claim, a plaintiff need not establish that officials actually intended harm to befall him from the failure to provide adequate care. *Walker*, 293 F.3d at 1037. "[I]t is enough to show that the defendants knew of a substantial risk of harm to [the plaintiff] and disregarded the risk." *Greeno*, 414 F.3d at 653. A successful plaintiff need not show that he was literally ignored in his demands for medical treatment, and a defendant's showing that a plaintiff received some treatment does not resolve the issue conclusively if the treatment was "blatantly inappropriate." *Greeno*, 414 F.3d at 653–54 (internal citations and quotation omitted). Finally, the Eighth Amendment "protects [a plaintiff] not only from deliberate indifference to his or her current serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to future health." *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005). "Deliberate indifference must be measured by the official's knowledge at the time in question, not by 'hindsight's perfect vision.'" *Schaub v. VonWald*, 638

F.3d 905, 915 (8th Cir. 2011) (citing *Lenz v. Wade*, 490 F.3d 991, 993 n.1 (8th Cir. 2007)).

Accordingly, to succeed in his claim, Mr. Triplett must show that the he has a significantly serious medical condition and that the Defendants acted with a sufficient culpable state of mind. Mr. Triplett alleges that he has throat cancer. This is clearly a serious medical condition. Additionally, Mr. Triplett alleges that the Defendants willfully ignored the signs and symptoms of Mr. Triplett's cancer for over a year. If those allegations are true, a fact finder could determine that the Defendants' state of mind was such that they acted in a deliberately indifferent manner. Mr. Triplett's claim must be allowed to proceed beyond the initial review stage. Because Mr. Triplett's claim must be allowed to proceed under the stricter deliberate indifference standard, it is equally clear that Mr. Triplett's claim should be allowed to proceed if the adequate care standard applies.

### V. APPOINTMENT OF COUNSEL

28 U.S.C. §1915(e)(1) provides that appointment of counsel for a person unable to afford counsel is within this Court's discretion. Given Mr. Triplett's current financial situation and the nature of his claim, his Motion for

Appointment of Counsel is granted.  **The Clerk of Court shall appoint Attorney Patrick Parry in accordance with United States District Court for the Northern District of Iowa Administrative Order No. 12-AO-0013 forthwith.  The Clerk of Court is further instructed to send Plaintiff a copy of this Order and the contact information for appointed counsel. Because Plaintiff has been appointed counsel, any further pleadings on Plaintiff's behalf should be filed solely through his appointed counsel. Appointed Counsel will file an Amended Complaint in conformity with this Order.**

**VI. OTHER CLAIMS IN MR. TRIPLETT'S COMPLAINT**

Beyond issues related to his medical health, Mr. Triplett claims that Nurse Benson and the other Defendants have injured numerous other patients through medical negligence.  Mr. Triplett can only raise claims on his own behalf.

Mr. Triplett's request for relief asks the Court to:

> Order a Federal Investigation into the medical practices and policies of Respondents, specifically in regards to the critical delay since referrals to the University of Iowa Hospitals and Clinics which have resulted in numerous unwarranted deaths of patients under care and custody...

That request is beyond power and jurisdiction of this Court,

sitting in a 42 U.S.C. § 1983 action. In appropriate situations, the Court can enjoin individuals, organizations, and government agencies from taking particular actions. However, the Court does not have the power to order a Federal Investigation into the conditions at CCUSO. Because the Court has no power or jurisdiction to entertain those issues raised by Triplett's Complaint, they must be dismissed.

**VII. CONCLUSION**

For the reason set out above: Mr. Triplett's application to proceed in forma pauperis is granted. The Clerk of Court shall file the complaint and deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the filed Complaint to the CCUSO facility, care of each named Defendant, and to the Iowa Attorney General. Mr. Triplett's 14th Amendment claim under 42 U.S.C. § 1983 is allowed to proceed as described above. Mr. Triplett's application for the appointment of counsel is granted as set out herein, and appointed counsel shall file an amended complaint within twenty (20) days from the date of this Order. To the extent Mr. Triplett raises issues and requests relief beyond the power and jurisdiction of this Court, they are dismissed.

**IT IS SO ORDERED** this 28th day of December, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

## NOTICE OF LAWSUIT and REQUEST FOR WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **ARTHUR TRIPLETT**, <br><br> Plaintiff, <br><br> v. <br><br> **CHARLES PALMER, Director; JASON SMITH, Director; MARY BENSON, and DR. VEIT,** <br><br> Defendants. | No. 12-CV-4063-DEO <br><br> **INITIAL REVIEW ORDER** |

  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: December 28, 2012.

  I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this December 28, 2012.

                 /s/ des, Deputy Clerk
                   Signature (Clerk's Office Official)
                    Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after ___December 28, 2012___, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **ARTHUR TRIPLETT,** | |
| Plaintiff, | No. 12-CV-4063-DEO |
| v. | INITIAL REVIEW ORDER |
| **CHARLES PALMER, Director; JASON SMITH, Director; MARY BENSON, and DR. VEIT** | |
| Defendants. | |

_____

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____   Signature _____
                    Printed name _____
                    As _____ of _____
                       (Title)         (Entity)

## Address Form

Case Number: 12-CV-4063-DEO    Date: December 28, 2012

To:   Clerk of Court
RE:   Service on Named Defendants

    Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**